[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 329.]

OFFICE OF DISCIPLINARY COUNSEL *v*. SAUMER.

[Cite as *Disciplinary Counsel v. Saumer*, 2002-Ohio-887.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Neglect of an entrusted legal matter—Failing to carry out contract for professional employment— Failing to promptly deliver to client funds or property to which the client is entitled—Neglecting or refusing to assist or testify in a disciplinary investigation or hearing.*

(No. 01-1578—Submitted October 16, 2001—Decided February 20, 2002.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 00-95.

————————————

*Per Curiam.*

{¶ 1} On August 25, 1999, we indefinitely suspended respondent, James Clark Saumer, now residing in North Olmsted, Ohio, Attorney Registration No. 0016680, from the practice of law for neglecting and abandoning cases in probate court. *Disciplinary Counsel v. Saumer* (1999), 86 Ohio St.3d 312, 715 N.E.2d 124. On December 4, 2000, relator, Office of Disciplinary Counsel, filed a complaint charging that respondent, by neglecting three other matters, again violated the Code of Professional Responsibility. Respondent failed to answer, and relator's motion for default was referred to Master Commissioner Harry W. White.

{¶ 2} Based upon the allegations of the complaint and evidence submitted by relator, the master commissioner found that after respondent filed a personal injury suit for Luann Dobson in September 1998, he failed to obtain service, and the case was dismissed in April 1999. Nevertheless, respondent informed Dobson

that the case had been filed and would probably settle. Respondent did not reply to the inquiries of successor counsel after Dobson terminated her relationship with respondent in December 1999.

{¶ 3} The master commissioner also found that respondent neglected his duty with respect to the estate of his mother, Vivian L. Saumer, by failing to transfer certain real estate, failing to file a proper inventory, and failing to file a final account. As a result, respondent's sister was removed as the fiduciary.

{¶ 4} Similarly, respondent was cited by the probate court in May 1997 for failure to file an account in the estate of Kay Weber. As a result, the Cuyahoga County Probate Court removed the co-executors, and the Ohio Department of Taxation assessed a penalty against the estate for a nineteen-month delay in filing the estate tax return. The penalty was abated by the successor administrator.

{¶ 5} Finally, the master commissioner found that respondent failed to cooperate in the investigation of his conduct and failed to comply with the order of suspension we issued in 1999.

{¶ 6} The master commissioner concluded that respondent's failures to act violated DR 1-102(A)(5) (a lawyer shall not engage in conduct prejudicial to the administration of justice), 1-102(A)(6) (a lawyer shall not engage in conduct adversely reflecting on the lawyer's fitness to practice law), 6-101(A)(3) (a lawyer shall not neglect an entrusted legal matter), 7-101(A)(2) (a lawyer shall not fail to carry out a contract for professional employment), 9-102(B)(4) (a lawyer shall promptly deliver to the client funds or property to which the client is entitled), and Gov.Bar R. V(4)(G) (no attorney shall neglect or refuse to assist or testify in a disciplinary investigation or hearing). Based on respondent's prior neglect and these similar matters of neglect, the master commissioner recommended that respondent be disbarred from the practice of law in Ohio. The board adopted the findings and conclusions of the master commissioner but not his recommendation.

The board concluded that respondent's conduct did not warrant a disbarment and recommended an indefinite suspension instead.

{¶ 7} We have reviewed the record and adopt the findings, conclusions, and recommendation of the board. Respondent is hereby suspended from the practice of law in Ohio for an indefinite period. Costs are taxed to respondent.

*Judgment accordingly.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

COOK, J., dissents.

_____

**COOK, J., dissenting.**

{¶ 8} Because I would adopt the sanction recommended by the master commissioner, I respectfully dissent. I would disbar respondent.

_____

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Gloria J. Sigman*, Assistant Disciplinary Counsel, for relator.

_____